78 F.3d 587
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Akono G. Olatunji, Plaintiff-Appellant,
v.
H. Christian DeBRUYN, et al., Defendants-Appellees.
 No. 94-3702.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 20, 1996.*
Decided Feb. 27, 1996.
 
 Before PELL, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 According to Akono Olatunji's complaint, prison officials violated his constitutional rights by transferring him from the Indiana State Prison to the Maximum Control Complex (MCC). At the MCC prisoners spend all but six hours per week in their cells, have little or no contact with outsiders or other prisoners, and endure constraints on possessions and commissary purchases. When allowed outside their cells, prisoners at the MCC are shackled and escorted by two guards. Perhaps worse, they cannot watch television. By sending him to the MCC without a hearing, Olatunji contends, the defendants violated the due process clause of the fourteenth amendment. The district court dismissed the complaint under Fed.R.Civ.P. 12(b)(6), and we affirm.
 
 
 2
 Prisoners lack liberty or property interests in the choice of penal institution. Meachum v. Fano, 427 U.S. 215 (1976); Montanye v. Haymes, 427 U.S. 236 (1976). Olatunji believes that Meachum and Montanye do not apply because the MCC is a "super-maximum" prison, with conditions more severe than the norm for penal confinement. He analogizes placement at the MCC to long-term segregation, which therefore, he insists, must follow notice and an opportunity for a hearing. But we rejected an equivalent objection to placement at Marion, which until the opening of the new prison in Florence, Colorado, was the most secure and restrictive prison in the nation. See Ramirez v. Turner, 991 F.2d 351 (7th Cir.1993). Olatunji does not offer, and we cannot imagine, a principled argument for distinguishing Indiana's MCC from Marion.
 
 
 3
 Olatunji does say that Indiana created a liberty interest, but his argument appears to be that Indiana has not authorized a "super-maximum" prison along the lines of Marion and therefore that there is no authority at all to send him there. What Olatunji's rights may be under state law do not, however, define his constitutional entitlements. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 202 (1989); Archie v. Racine, 847 F.2d 1211, 1215-18 (7th Cir.1988) (en banc). Olatunji has not identified a statute or regulation creating a substantive rule governing who may be assigned to which prison, and therefore has not established a liberty or property interest under the Supreme Court's approach to those terms. See Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 460-63 (1989); Wallace v. Robinson, 940 F.2d 243 (7th Cir.1991) (en banc).
 
 
 4
 According to Olatunji's appellate brief, Indiana kept him in segregation at the State Prison for 55 days before the transfer to the MCC. He submits that this, too, violated the due process clause. We doubt that his complaint encompasses this contention, but the defendants, by failing to make this point, have forfeited whatever advantage it bestows on them. Perhaps they were happy to meet the claim on the merits because, after Sandin v. Conner, 115 S.Ct. 2293 (1995), it has none. Sandin establishes that hearings need not precede segregation if the conditions of confinement are within the normal range for felons. Although one could argue that prolonged segregation calls for special treatment, see Whitford v. Boglino, 63 F.3d 527 (7th Cir.1995), we held in Crowder v. True, No. 94-1559 (7th Cir. Jan. 24, 1996), that 90 days in segregation comes within the compass of Sandin. So too with Olatunji's claim.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record